GENERAL TERM, OCTOBER, 1886.

[CONTINUED FROM PAGE 1.]

## H. H. WALLING v. R. H. NEWTON.

*Witness.   R. L. s. 1003.   Trover.   Legatee.*

In an action of trover for the conversion of personal property, where the defendant claimed to derive title to it as legatee under his father's will, the plaintiff, claiming to have bought it of another party and left it with the testator merely for his use, is a witness in this respect in his own behalf.

TROVER for a vulcanizer and pair of flasks, an office chair and a lathe. Heard on a referee's report, March Term, 1886, Washington County, POWERS, J., presiding. Judgment for the defendant, the court holding that the plaintiff was not a witness.

It appeared that Marcellus Newton, the father of the defendant, was a dentist; that defendant studied dentistry with him, and afterwards went into business with him; and that they continued in the business for several years, and then separated. It was claimed by the plaintiff that he purchased the articles in contention when new, and that they had remained his property ever since; and that he left them with the said Marcellus when he, plaintiff, went to the West Indies. The referee found:

" Marcellus Newton died leaving by will all the things pertaining to his business and practice as a dentist to his son, the defendant. A few days after his father's death, and about

January 1, 1878, the defendant took the articles mentioned in items 1, 2 and 3, which had been in his father's possession and use from 1870 until his death, and which he supposed his father owned, and moved them to Montpelier, and has since treated them as his own. These articles were not inventoried or appraised as the property of, or belonging to, the estate; but the personal representative of Marcellus Newton knew when the defendant took them away and made no objection." * * *

"I find upon his [plaintiff's] testimony only, that said articles were purchased when new by the plaintiff, and that he has never disposed of them; also that the values carried out opposite those items are fair cash values of those articles at the time the defendant took them. I also find upon the plaintiff's testimony only, the agreement hereinbefore stated under which those articles, with others, went into Marcellus Newton's possession when the plaintiff returned to the West Indies in 1870."

*Jas. N. Johnson* and *Geo. M. Fisk*, for the plaintiff.

This is not an action against the estate of Marcellus Newton, and does not come within the sections 1002–3, R. L. *Lythe* v. *Bond*, 40 Vt. 618; *Cole* v. *Shurtleff*, 41 Vt. 311; *Bank* v. *Schofield*, 39 Vt. 590; *Thrall* v. *Seward*, 37 Vt. 573; *Morse* v. *Low*, 41 Vt. 561; *Kimball* v. *Baxter*, 27 Vt. 628; *Brevier* v. *Paguin*, 40 Vt. 199; *Downs* v. *Belden*, 46 Vt. 674.

*Geo. W. Wing*, for the defendant.

The plaintiff was not a competent witness. The defendant claims the property under his father's will.

The cases show that the words "contract in issue," as used in this statute, mean the same as contract in dispute or in question, and relate as well to the substantial issues made by the evidence, as to the mere formal issues made by the pleadings. *Hollister* v. *Young*, 42 Vt. 403; *Merrill* v. *Pinney*, 43 Vt. 605; *Davis* v. *Windsor Savings Bank*, 48 Vt. 532; *Fitzsimmons* v. *Southwick*, 38 Vt. 509; *Roberts* v. *Lund*, 45 Vt. 82; *Ford's Executors* v. *Cheney*, 40 Vt. 153; *Hall* v.

*Hamblett*, 51 Vt. 590; *Insurance Co.* v. *Wells*, 53 Vt. 14; *Hollister* v. *Young*, 41 Vt. 156; *Hollister* v. *Young*, 42 Vt. 403.

The cases allowing the party to testify are where the estate of the deceased party is not affected or interested, and where the matter is collateral. *Cole* v. *Shurtleff*, 41 Vt. 311; *Downs* v. *Belden*, 46 Vt. 674; *Bank* v. *Schofield*, 39 Vt. 590; *Morse* v. *Low*, 44 Vt. 561.

The opinion of the court was delivered by

TAFT, J. The question in this case is, was the plaintiff a competent witness. He was, unless made incompetent by sec. 1002 or 1003 R. L., and this depends upon whether " the contract or cause of action in issue " was made with Marcellus Newton. The action is trover for the unlawful conversion of the property by the defendant. The plaintiff's title in an action of trover is not necessarily the question in issue. Where both parties claim from the same source, it evidently is. Did the plaintiff claim the property by virtue of a purchase from Marcellus, it might, under some of our reported cases, be held that such contract of purchase was the matter in issue and the plaintiff incompetent to testify, although we think the decisions upon that point conflicting. But the plaintiff does not claim title through him; his claim is that he bought the articles when new, before they came into the possession of Marcellus, from another party, and that he left them with Marcellus, when he, the plaintiff, went to the West Indies in 1870. He claims under no contract with him, and shows, by his testimony, title derived from another source. If the plaintiff obtained the property by purchase from some one other than Marcellus, any arrangement he might have made with the latter, as to its use or possession, would be collateral to the cause of action in issue. Where the parties claim title from different sources, the plaintiff's title in an action of trover can in no sense be the cause of action in issue. While it is impossible to reconcile the decisions of our own courts upon questions arising under

the sections referred to, we do not think the disposition of this case conflicts with any of them. We think the plaintiff was a competent witness, and under the report entitled to judgment.

Judgment reversed, and judgment for plaintiff.